IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD L. CARRION | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 08-1171 |
| | : | |
| TOM CORBETT, et al | : | |

**MEMORANDUM AND ORDER**

AND NOW, this 1st day of July, 2008, upon consideration of the plaintiff's objection to memorandum and order, which this court will construe as a motion for reconsideration[1] (Doc. No. 10), the Court makes the following findings and conclusions:

A.   On March 27, 2008, Richard L. Carrion ("Carrion") filed a petition for writ of habeas corpus (Doc. No. 1) seeking to withdraw his guilty plea and proceed to trial. After a close and objective review of the arguments and evidence, I found Carrion's petition legally and factually meritless, dismissed it with prejudice and without a hearing, and ordered that a certificate of appealability not be issued. See Carrion v. Corbett, No. 08-1171, 2008 WL 2405031 (E.D. Pa. June 13, 2008). Presently before the Court is Carrion's motion for reconsideration, asking the Court to withdraw its order, appoint counsel, and conduct an evidentiary hearing.

B.   Federal Rule of Civil Procedure 59(e) and Local Civil Rule 7.1(g) of the United States District Court for the Eastern District of Pennsylvania allow parties to file motions for reconsideration or amendment of a judgment. Fed. R. Civ. P. 59(e); E.D. Pa. R. Civ. P. 7.1(g). These motions should be granted sparingly, reconsidering the issues only when: (1) there has been an intervening change in controlling law; (2) new evidence has become available; or (3) there is a need to prevent manifest injustice or correct a clear error of law or fact. Wilson v. Halter, No. 00-468, 2001 WL 410542, at *2 (E.D. Pa. Apr. 18, 2001), aff'd Wilson v. Massanari, 27 Fed. Appx. 136 (3d Cir. 2002). Mere dissatisfaction with the Court's ruling is not a proper basis for reconsideration as it is improper to "ask the Court to rethink what [it] had already thought through–rightly or wrongly." Id. (citing Burger King Corp. v. New England Hood and Duct Cleaning Co., No. 98-3610, 2000 WL 133756, at *2 (E.D. Pa. Feb. 4, 2000)).

C.   Carrion contends that I must re-examine my decision because of clear errors of law or

---

[1] See e.g. Graco Children's Prods. v. Regalo Int'l., 77 F.Supp. 2d 660, 661 n.1. (E.D. Pa. 1999) (The court noted that the request was contained in a letter that did not comply with Federal Rule of Civil Procedure 7 or Local Rule of Civil Procedure 7.1, and, despite this, considered the letter as a motion for reconsideration.).

manifest injustice arguing specifically that: (1) I failed to address his argument that his trial counsel, James T. Anthony, Esquire ("Anthony"), was ineffective; (2) the court erred noting that Pennsylvania's three prong standard is not inconsistent with Strickland; (3) the court improperly found Carrion failed to meet his burden to show that Anthony was ineffective; (4) I relied on inapplicable law in concluding there was no need for an evidentiary hearing or to appoint counsel; and (5) the court misinterpreted 18 Pa. C.S.A. § 306(g).

D. Carrion's first two contentions that this court "ignore[d]" his argument about Anthony's ineffectiveness is illogical, since it is clearly addressed on pages 2 and 3 of the memorandum and order; and, as noted in the memorandum and order, the finding that Pennsylvania's third prong (legal merit prong) is not inconsistent with the Strickland standard follows the relevant precedent. Carrion, No. 08-1171, 2008 WL 2405031, at *2-3. As for Carrion's third argument that I erred in finding Carrion did not meet his burden to show Anthony was ineffective, as noted *supra*, it is a mere request that the court to reconsider the same argument that the court has already clearly thought through. Even if the argument was proper, the court would again conclude that Carrion failed to meet this burden.

E. Carrion's attempt to distinguish on factual grounds my reliance on Campbell v. Vaughn, 209 F.3d 280, 287 (3d Cir. 2000) and Reese v. Fulcomer, 946 F.2d 247, 263-64 (3d Cir.1991), superseded on other grounds by statute, 28 U.S.C. § 2254(d) is misplaced since I used them as precedential opinions in support of denying an evidentiary hearing and appointment of counsel, not with regard to the specific factual bases of the cases or their applicability to accomplice liability.

F. Carrion's last argument is not entirely understandable. The language of 18 Pa. C.S.A. § 306(g) ("prosecution of an accomplice only") is clear and neither the language nor the interpretation of it was raised as an issue in Carrion's habeas petition. The statute was merely mentioned by the court in a footnote in its memorandum to clarify for Carrion, that he, as the accomplice, could be prosecuted for third degree murder, even if the actual shooter had not also been prosecuted. Carrion, No. 08-1171, 2008 WL 2405031, at *3 n.7.

I find Carrion's arguments to be unavailing. Accordingly, it is hereby **ORDERED** that the motion to reconsider by **RICHARD L. CARRION** is **DENIED**.

    S/Lowell A. Reed, Jr.
    LOWELL A. REED, JR., S.J.